UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAWN MARIE SULLIVAN

    Plaintiff,

v.

    Case No: 8:11-CV-01597
    LT Case No.: 2011-CA-2727

WAL-MART STORES EAST, LP

    Defendant.
_____/

## DEFENDANT WAL-MART STORES EAST L.P.'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW

DEFENDANT, WAL-MART STORES EAST L.P. (herein referred to as Defendant) individually, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure, Rule 56, hereby requests this Honorable Court enter Summary Judgment in their favor on the Amended Complaint filed by the Plaintiff as the pleadings and the attached video and affidavit demonstrate that there is no disputed issue of material fact and that Defendant is entitled to judgment as a matter of law.

1. Plaintiff Dawn Sullivan filed this premises liability action against Defendant on or about May 19, 2011, alleging that Defendant negligently maintained its floors causing Plaintiff to slip and fall.

2. All record evidence demonstrates that the alleged dangerous condition was created by another customer approximately two minutes and five seconds prior to Plaintiff's fall.

3. Florida case law clearly holds that two minutes and five seconds is an insufficient amount of time for a retailer to become aware of any alleged dangerous condition, take any steps to correct the condition or to warn a business invitee, such as Plaintiff, of said condition.

4. As a matter of law, Defendant is entitled to judgment in its favor.

## FACTS

5. On August 4, 2009 Plaintiff was shopping at Wal-Mart Store #706 when she slipped and fell on a foreign substance which she alleges was negligently allowed to accumulate or remain on Wal-Mart's premises. (Amend. Compl. ¶ 5.)

6. The events that occurred that day were captured by the store's surveillance cameras.

7. The store's surveillance video starts at 7:50:55 p.m. and ends at approximately 9:50:57 p.m.

8. Approximately two minutes and five seconds before Plaintiff's slip and fall, at 8:49:01, an unidentified male customer is seen dropping a cup onto the tile floor in front of the drinking fountains and front restrooms. (Incident Video)

9. Prior to the customer dropping the cup onto the floor, several customers are seen walking in the area of Plaintiff's accident without any difficulty.

10. Mr. Russ Nemet was acting as Assistant Manager for Wal-Mart at the time of this accident and responded to the incident area. (Nemet Aff. ¶¶ 3-4)

11. Mr. Nemet reviewed the incident video and determined that the foreign substance upon which Plaintiff slipped was water spilled onto the floor by an unidentified male customer approximately two minutes and five seconds prior to Plaintiff's accident occurring. (Nemet Aff. ¶¶ 8-11)

12. The store had no actual knowledge that this liquid was on the floor prior to Plaintiff's accident. (Nemet Aff. ¶ 14)

## MEMORANDUM OF LAW

13. The court shall grant summary judgment if the movant show that there is no genuine dispute as to any material fact. Fed. R. Civ. Pro. 56(a).

14. A landowner owes two duties to a business invitee: (1) he must use reasonable care to maintain the premises in a reasonably safe condition; and (2) he must give the invitee warning of concealed perils which are or should have been known to him, and which are unknown to the invitee and could not be discovered by the invitee even if he exercised due care. Emmons v. Baptist Hospital, 478 So. 2d 440 (Fla. 1st DCA 1985). A landowner is not an insurer of the safety of his invitee. Id. at 442.

15. When an alleged dangerous condition is created "several seconds" prior to an accident occurring, it is well settled this is not enough time for a retailer to be charged with negligence. Waters v. Winn-Dixie Stores, Inc., 146 So. 2d 577, 577-581 (Fla. 2d DCA 1962). In Waters, the plaintiff slipped and fell in a liquid that had landed on the floor approximately four or five seconds prior to the plaintiff's fall. Id. The liquid came from a jar of baby food that dropped onto the floor about four to five feet away from the plaintiff which she walked straight into. Id. Though the plaintiff argued that the retail store had enough time to warn her of this dangerous condition and attempt to correct it, the court disagreed. Id. In fact, the court found there was no testimony that would allow a jury to construe the retailer's actions as negligence in creating a dangerous condition, maintaining its premises, or failing to warn customers of such a dangerous condition. Id. at 580. Though negligence is a generally a question for the jury, in considering all of the evidence in a light most favorable to the plaintiff including all reasonable inferences, the court held there was no negligence. Id. at 580-581.

16. The waters court reasoned that "a contrary ruling would, in effect, redefine the line of responsibility of a proprietor to a business invitee and erroneously extend it into the area of insurance." Id.

17. Even a period of ninety seconds is simply not enough time for a retailer to be charged with negligence in failing to maintain, correct or warn of a dangerous condition. Publix Super Markets, Inc. v. Heiser, 156 So. 2d 540, 542 (Fla. 2d DCA 1963). The Heiser court stated there was no theory for which the retailer could be held negligent. Id.

18. A period of one minute of actual notice is an insufficient amount of time for a retailer to correct any dangerous condition and a period of time of five minutes is insufficient to charge a retailer with constructive notice. Gaidymowicz v. Winn-Dixie Stores, Inc., 371 So. 2d 212, 214 (Fla. 3d DCA 1979).

## ARGUMENT

19. In this matter, the surveillance video provides uncontroverted evidence that establishes when this alleged dangerous condition was created on Defendant's premises.

20. This condition was not created by any of Defendant's employees, but was created through the actions of another customer.

21. Prior to Plaintiff's slip and fall, Defendant had no knowledge of this alleged dangerous condition.

22. Therefore, as a matter of law, Defendant cannot be charged with constructive notice of this condition and Defendant cannot be held negligent for failing to warn Plaintiff or for failing to correct this alleged dangerous condition prior to Plaintiff's accident.

23. It is undisputed that there was no negligence on the part of the Defendant and that Summary Judgment should be granted in Defendant's favor.

WHEREFORE, Defendant, Wal-Mart Stores East, LP respectfully submits that there remains no genuine issue of material fact and request this Court to enter an Order Granting Final Summary Judgment in favor of Wal-Mart and for any and all such further relief as the court deems appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed through the CM/ECF electronic filing system of the Middle District of Florida on November 1, 2011.

/s/ Andrew S. Bolin, Esq.
**Andrew S. Bolin, Esquire**
Florida Bar No.: 0569097
**Renee D. Faried, Esquire**
Florida Bar No. 0084977
Post Office Box 1772
Tampa, Florida 33601-1772
Telephone: (813) 226-3000
Facsimile: (813) 226-3001
Counsel for Defendant, Wal-Mart

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAWN MARIE SULLIVAN

    Plaintiff,

v.

Case No: 8:11-CV-01597
LT Case No.: 2011-CA-2727

WAL-MART STORES EAST, LP

    Defendant.
_____/

### AFFIDAVIT OF RUSSELL NEMET

BEFORE ME, the undersigned authority personally appeared Russell Nemet, who after being duly sworn, deposes and states that the following statements are true and correct to the best of his knowledge:

1. My name is Russell Nemet; I am over the age of eighteen years old, and competent to execute this affidavit.

2. I have personal knowledge of the matters herein.

3. On August 4, 2009, I was working as an Assistant Manager at Wal-Mart Store No.: 706, located at 7631 Gall Blvd. in Zephyrhills, Florida. By that date, I had worked at this store for more than one year.

4. On August 4, 2009, I responded to an incident involving Plaintiff Dawn Sullivan, where she advised me that she slipped and fell on a wet floor near the restrooms and drinking fountains.

5. Prior to my arrival, it had been discovered that a clear liquid substance had been on the floor at the time of Plaintiff's slip and fall.

6. At the time of this incident, the store kept a surveillance camera system which had a direct camera shot covering the area of the incident.

7. The store's surveillance camera system was kept in a secure location on Wal-Mart's premises. Videotapes of customer accidents were made and kept in the normal course of business in a secure location.

8. I personally reviewed the subject surveillance video and a copy of the video was created.

9. The time and date on the incident videotape were accurate and in line with the actual time of the events that occurred.

10. The incident video is a true and exact depiction of the events that occurred.

11. The incident video shows an unidentified male customer dropping a cup onto the tile floor in front of the drinking fountains and front restrooms at approximately 8:49:01 p.m.

12. Plaintiff walked through the area at 8:51:06, approximately two minutes and five seconds after the unidentified male customer dropped the cup on the floor. At that time, Plaintiff slipped and fell onto the floor.

13. The water/liquid was on the floor for approximately two minutes and five seconds before Plaintiff slipped and fell.

14. We did not have any actual knowledge of this water being on the floor prior to Plaintiff's slip and fall.

15. We had no knowledge of any prior incidents involving this unidentified customer or any other customers dropping cups of water onto the floor near the drinking fountains and restrooms.

16. I have never been found guilty of fraud or perjury in any jurisdiction.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Russell Nemet

STATE OF FLORIDA
COUNTY OF PASCO

BEFORE ME, the undersigned authority, personally appeared RUSSELL NEMET, and he, being duly sworn, deposes and says that he executed the foregoing Affidavit, and that they are true and correct to the best of his/her knowledge, who is personally known to me or who produced FL Drivers License as identification and who did take an oath.

SWORN TO and subscribed before me on this ___7___ day of October, 2011.


Notary Public State of Florida
Stacey Ann Brochhausen
My Commission DD944512
Expires 02/21/2014

_____
NOTARY PUBLIC
State of Florida at Large
My Commission Expires:
My Commission Number: