UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAWN MARIE SULLIVAN

    Plaintiff,

v.

    Case No: 8:11 – CV - 01597
    LT Case No.: 2011-CA-2727

WAL-MART STORES EAST, LP

    Defendant.
_____/

**HIPAA QUALIFIED PROTECTIVE ORDER AND
ORDER TO DISCLOSE PROTECTED HEALTH INFORMATION**

This Court, having reviewed the Court file, having received the HIPAA Qualified Protective Order and Order to Disclose Protected Health Information, and the Court being otherwise duly advised:

**ORDERS:**

**HIPAA QUALIFIED PROTECTIVE ORDER**

1. In accordance with the requirements of the regulations promulgated under the health Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R. Section 164.512(e)(1)(ii)(B) and (v), the Court hereby institutes a **HIPAA QUALIFIED PROTECTIVE ORDER**, as that term is defined the foregoing regulations, and requires <u>for information obtained by subpoena</u> that the parties be:

    a. prohibited from using or disclosing protected health information ("PHI") for any purpose other than this litigation in the abut styled lawsuit; and

    b. required to return to the disclosing entity or destroy the PHI (including all copies made) at the conclusion of the litigation of the above-styled lawsuit ("Conclusion" is not defined by HIPAA but should be understood to

include the time for any record retention requirements and statute of limitations applicable to the party or party's counsel. "Litigation" is not defined by HIPAA but should be understood to include all appellate proceedings at any level or the expiration of the time to commence further appellate proceeding without appeal.).

2. Based upon this **HIPAA QUALIFIED PROTECTIVE ORDER**, and commencing immediately from the date of this Order, all persons, including but not limited to physicians, and other medical providers, shall comply with and are authorized and ordered to use or disclose PHI in response to any and all subpoenas for records without deposition (under Fla. R. Civ. P. 1.351) to which no objection has been timely filed and any and all other subpoenas served upon them at any time in the course of this litigation. This HIPAA QUALIFIED PROTECTIVE ORDER applies only to PHI received pursuant to subpoena in the above-styled case and does not apply to information obtained in any other manner such as by a Plaintiff's own request or authorization.

## INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUEST FOR COPIES AND EXPERT COMMUNICATIONS

3. In addition to the foregoing, pursuant to 45 C.F.R. Section 164.512(e)(1)(I) and for purposes of compliance with HIPAA, without waiver of any right to prepayment for costs or any other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents and designees of each party or party's legal counsel in this case including, but not limited to, the law firm of Beytin, McLaughlin, McLaughlin, Bolin & Willers, P.A. are expressly and specifically authorized and ordered to:

    a. respond to a valid Request for Production or Interrogatories served pursuant to the Florida Rules or Civil Procedure in the above styled claim or litigation seeking PHI;

      b.      respond to a valid and timely Request for Copies served pursuant to Rule 1.351 of the Florida Rules of Civil Procedure in the above-styled claim or litigation for production of documents and things without deposition concerning PHI; and

      c.      respond to each one of a party's own expert(s) who requests, either orally or in writing, PHI for the purposes of reviewing the above-styled claim or litigation in whole or in part, whether the expert in consulting or trial expert and whether the expert is considered retained for compensation or non-retained,

by disclosing and providing such requested PHI.

    4.    In compliance with both HIPAA regulations and any applicable state law pre-empted by HIPAA, this authorization and Order set forth in this Paragraph expressly includes PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases, if so requested. The command of the Court in this Paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosure authorized under the HIPAA Qualified Protective Order. Violation of this Order may subject the non-complaint party's counsel, to sanctions, including but not limited to the costs and attorneys fees attributable to such non-compliance, the striking of the non-compliant deponent's testimony or other evidence of the non-compliant party's claims or defenses.

## DEPOSITIONS

    5.    In addition to the foregoing, pursuant to 45 C.F.R. Section 164.512(e)(1)(i) and for the purpose of compliance HIPAA, without waiver of any right to prepayment of costs, fees, and expenses, or any other appropriate objection or privilege that may be timely asserted, each deponent duly noticed for deposition in the above-styled litigation, including but not limited to a party, fact witness, records custodian, expert, treater or health care provider of any type, is

expressly and specifically authorized and ordered to use or to disclose to the attorneys, employees agents, and designees of each party or party's legal counsel in this case, including but not limited to the law firm of Beytin, McLaughlin, McLaughlin, Bolin & Willers, P.A. the PHI of a party that is responsive to deposition questions or a valid Subpoena Duces Tecum at such duly noticed deposition in the above-styled litigation.

6. In compliance with both HIPAA regulations and any applicable state law pre-empted by HIPAA, this authorization and Order set forth in this Paragraph expressly includes PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseased, if so requested. The command of the Court in this Paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosure authorized under the HIPAA Qualified Protective Order. Violation of this Order may subject the non-complaint party's counsel, to sanctions, including but not limited to the costs and attorneys fees attributable to such non-compliance, the striking of the non-compliant deponent's testimony or other evidence of the non-compliant party's claims or defenses.

### JUDICIAL PROCEEDINGS

7. In addition to the foregoing, pursuant to 45 C.F.R. 164.512(e)(1)(I) and for the purpose of compliance with HIPAA, without waiver of any right to prepayment of costs, fees and expenses or any other appropriate objection or privilege that may be timely asserted, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding related to this litigation, including but not limited to trial, are specifically and expressly authorized and ordered to use and disclose the PHI of a party in any for at such judicial proceeding.

8. In compliance with both HIPAA regulations and any applicable state law pre-empted by HIPAA, this authorization and Order set forth in this Paragraph expressly includes PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseased, if so requested. The command of the Court in this Paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosure authorized under the HIPAA Qualified Protective Order. Violation of this Order may subject the non-complaint party's counsel, to sanctions, including but not limited to the costs and attorneys fees attributable to such non-compliance, the striking of the non-compliant deponent's testimony or other evidence of the non-compliant party's claims or defenses.

### COURT REPORTER, PHOTOCOPYING AND OTHER DESIGNATED SERVICE PROVIDERS OF A PARTY

9. In addition to the foregoing, pursuant to 45 C.F.R. 164.512(e)(1)(I) and for the purpose of compliance with HIPAA, without waiver of any right to prepayment of costs, fees and expenses or any other appropriate objection or privilege that may be timely asserted, any person or entity authorized or ordered above to use or disclose PHI is expressly authorized and ordered to do so with, to or before any court reporter service, videography service, translation service, photocopy service, document management service, designated by a party or party's legal counsel in this case, including but not limited to the law firm of Beytin, McLaughlin, McLaughlin, Bolin & Willers, P.A. Each party or the party's legal counsel is charged with giving notice of the obligations imposed by this Order to any such service the party or counsel so designated and further charged with obtaining advance consent of such service to comply fully with this Paragraph. Upon such consent, the service will be deemed to have been voluntarily

submitted to the Court's jurisdiction during the pendency of this litigation for the purpose of enforcement of this Paragraph, including but not limited to the imposition of such sanctions, monetary or otherwise, as may be appropriate for any non-compliance.

10. In compliance with both HIPAA regulations and any applicable state law pre-empted by HIPAA, this authorization and Order set forth in this Paragraph expressly includes PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseased, if so requested. The command of the Court in this Paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosure authorized under the HIPAA Qualified Protective Order. Violation of this Order may subject the non-complaint party's counsel, to sanctions, including but not limited to the costs and attorneys fees attributable to such non-compliance, the striking of the non-compliant deponent's testimony or other evidence of the non-compliant party's claims or defenses.

### BUSINESS ASSOCIATE AGREEMENT

11. Except for business associate agreements (within the meaning of the HIPAA regulations) entered into by a party or party's legal, the uses and disclosure of PHI authorized under this order are separate from, and not to be deemed subject to, any business associate agreement that has been or will be executed by any party, any party's legal counsel, or any disclosing person or entity. No use or disclosure made pursuant to this Order shall is that the uses and disclosures made pursuant to it should not be subject to such business associate agreements or to any requirement for such agreements under the HIPAA regulations. Such

agreements should be construed as inapplicable to any uses or disclosures made pursuant to this Order and, therefore are limited only to uses and disclosures of PHI outside of this Order.

12. Unless a motion for enforcement of this Order has been filed in this case and remains pending at the time, the Order shall expire upon the conclusion of this litigation by any dismissal or final judgment, through and including all appellate proceedings unless the time for commencing such proceedings has expired without appeal.

13. This Order is self-executing without the need for further Order of the Court, and is effective upon entry.

14. A copy of this Order shall be valid as an original.

DONE AND ORDERED in Chambers at Hillsborough County, Florida on this ___ day of _June_____, 2012.

_____
The Honorable Magistrate Judge Mark A. Pizzo
Federal Court Judge


Cc:   Matthew E. Noyes, Esq.
      Andrew S. Bolin, Esq.